1  PAUL L. REIN, Esq. (SBN 43053)
   PATRICIA BARBOSA, Esq. (SBN 125865)
2  JULIE MCLEAN, Esq. (SBN 215202)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  (510) 832-5001

5  Attorneys for Plaintiff
   BRIAN BOLITHO

6

7                UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA

8

9  BRIAN BOLITHO                    CASE NO.

10       Plaintiff,                 Civil Rights

11
   v.                               **COMPLAINT FOR DENIAL OF DISABLED**
12                                  **ACCESS TO DISABLED PERSONS IN**
                                    **VIOLATION OF TITLE III OF THE**
13 VALLEY RADIOLOGY MEDICAL         **AMERICANS WITH DISABILITIES ACT**
   ASSOCIATES, INC.; SOUTH DRIVE    **AND CALIFORNIA LAWS REQUIRING**
14 MEDICAL ASSOCIATES, INC; PIO V.  **FULL AND EQUAL ACCESS TO PUBLIC**
   DEFEO; MARIA E. DEFEO; and DOES  **ACCOMMODATIONS; INJUNCTIVE**
15 1-25, Inclusive,                 **RELIEF AND DAMAGES PURSUANT TO**
                                    **42 U.S.C. 12101 et seq.;**
16       Defendants.                **CALIFORNIA CIVIL CODE §§51, 52,**
                                    **54 AND 54.1; VIOLATION OF**
17                                  **CALIFORNIA HEALTH AND SAFETY**
                                    **CODE §19955, et seq.,**
18
                                    **DEMAND FOR JURY TRIAL**
19
   _____/
20

21          Plaintiff BRIAN BOLITHO complains that defendants

22 VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.; SOUTH DRIVE MEDICAL

23 ASSOCIATES, INC.; PIO V. DEFEO; MARIA E. DEFEO; and DOES 1-25,

24 Inclusive (hereinafter "defendants"), have denied him and

25 continue to deny him "full and equal access" to the public

26 accommodations, and goods and services offered to the general

27 public, at the Valley Radiology locations in Mountain View and

28 Palo Alto, California, because of his physical disability, in

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages          — 1 —
                                          s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1   violation of Title III of the Americans with Disabilities Act

2   of 1990 and California civil rights laws and regulations, and

3   hereby more particularly alleges as follows:

4

5
                        **FIRST CAUSE OF ACTION:**
        **DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL**

6               **ACCESS TO A PLACE OF PUBLIC ACCOMMODATION**
        **(Civil Code §§ 54, 54.1, et seq.; Health & Safety Code §§ 19953**

7                           **and 19955 et seq.)**

8       1.   Plaintiff BRIAN BOLITHO is a "person with a

9   disability" or "physically handicapped person".  Plaintiff

10  requires the use of a wheelchair for locomotion and is unable

11  to use portions of public facilities which are not accessible

12  to disabled persons who require the use of a wheelchair.

13      2.   **SUMMARY:**  This case involves the denial of accessible

14  facilities to Plaintiff BRIAN BOLITHO at two locations of the

15  Valley Radiology chain, located at 285 South Drive, #5,

16  Mountain View, California; and 451 Sherman Ave., #110, Palo

17  Alto, California.  BRIAN BOLITHO was denied his civil rights

18  under both California law and federal law, to full and equal

19  access at these facilities because they were not, and are not

20  now, properly accessible to physically disabled persons who use

21  wheelchairs.  Plaintiff BRIAN BOLITHO is deterred from

22  returning to these facilities to receive medical services until

23  such time as the facilities are made fully accessible and

24  defendants' discriminatory policies are modified.  Plaintiff

25  seeks injunctive relief to require defendants to make their

26  facilities accessible to disabled persons, and to ensure that

27  all disabled patrons will be provided accessible entrance,

28  restroom facilities, medical diagnostic equipment, and other

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 2 —
                                                    s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1   public facilities, as required by law; and to require

2   defendants to modify their policies and procedures to provide

3   their services to disabled persons such as plaintiff.  In the

4   alternative, plaintiff seeks to enjoin each of the subject

5   facilities from operating as a place of "public accommodation"

6   or "business establishment" which discriminates against

7   plaintiff and other persons with disabilities.  Plaintiff also

8   seeks recovery of damages for his personal injuries and

9   discriminatory experiences and for the continuing day-to-day

10  denial of access which results from defendants' failure to

11  provide accessible facilities.  Plaintiff BRIAN BOLITHO also

12  seeks recovery of statutory attorney fees, litigation expenses

13  and costs, under federal law and California law.

14      3.   **JURISDICTION**:  This Court has jurisdiction of this

15  action pursuant to 28 USC §1331 for violations of Title III of

16  the Americans with Disabilities Act of 1990, 42 USC §12101 et

17  seq.  Pursuant to pendant jurisdiction, attendant and related

18  causes of action arising from the same facts are also brought

19  under California law, including but not limited to violations

20  of  California Civil Code §§ 51, 52, 54, 54.1 and 55;

21  California Health & Safety Code §19955 et seq., including

22  §19959; and California Code of Regulations Title 24-2

23  (hereinafter "Title 24").

24      4.   **VENUE**:  Venue is proper in this court pursuant to 28

25  USC 1391(b) because the subject property is located in this

26  district and plaintiff's causes of action arose here.

27  ///

28  ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 3 —

s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1    5.  **INTRADISTRICT:**  This case should be assigned to the

2    San Jose intradistrict, where the subject property is located

3    and where plaintiff's causes of action arose.

4    6.  **PARTIES:** Plaintiff BRIAN BOLITHO is a "qualified"

5    physically disabled person who cannot walk due to paraplegia as

6    a result of a spinal injury, and who requires use of a

7    wheelchair.  VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.; SOUTH

8    DRIVE MEDICAL ASSOCIATES, INC.; and DOES 1-12, Inclusive, are

9    the owners, operators, lessors, and lessees of the property,

10   building and facilities located at 285 South Drive, #5,

11   Mountain View, California.  VALLEY RADIOLOGY MEDICAL

12   ASSOCIATES, INC.; PIO V. DEFEO; MARIA E. DEFEO; and DOES 13-25,

13   Inclusive, are the owners, operators, lessors and lessees of

14   the property, building and facilities located at 451 Sherman

15   Ave. #110, Palo Alto, California.  These locations are operated

16   as medical imaging offices and each is a "public accommodation"

17   and "business entity" subject to the requirements of California

18   Health & Safety Code §19955 et seq. and of California Civil

19   Code §51, §54 and §54.1, et seq.  On information and belief,

20   such facilities have, since July 1, 1970, undergone

21   construction and/or "alterations, structural repairs, or

22   additions," subjecting all such buildings and facilities to

23   disabled access requirements pursuant to Health & Safety Code

24   §19953-19959, et seq.

25   7.  The true names and capacities of Defendants Does 1

26   through 25, Inclusive, are unknown to plaintiff who therefore

27   sues said defendants by such fictitious names.  Plaintiff is

28   informed and believes that each of the defendants herein

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 4 —

s:/jm/cases\v\valley radiology/pleadings/vr.cmp.doc

1   designated as a Doe is legally responsible in some manner for

2   the events and happenings herein referred to and caused injury

3   and damages proximately thereby to plaintiff; plaintiff prays

4   leave of Court to amend this Complaint to show such true names

5   and capacities when the same have been ascertained.

6       8.   Defendants VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.;

7   SOUTH DRIVE MEDICAL ASSOCIATES, INC.; PIO V. DEFEO; MARIA E.

8   DEFEO; and DOES 1-25, Inclusive, are and were the owners,

9   operators, lessors and lessees of the subject properties,

10   buildings, and facilities at all relevant times.  Plaintiff is

11   informed and believes that each of the defendants herein is the

12   agent, employee or representative of each of the other

13   defendants, and performed all acts and omissions stated herein

14   within the scope of such agency or employment or representative

15   capacity and is responsible in some manner for the acts and

16   omissions of the other defendants in proximately causing the

17   damages complained of herein.

18       9.   Plaintiff BRIAN BOLITHO and other similarly situated

19   physically disabled persons, including those who require the

20   use of a wheelchair, are unable to use public facilities on a

21   "full and equal" basis unless each such facility is in

22   compliance with the relevant provisions of California Building

23   Codes and statutes.  Plaintiff is a member of that portion of

24   the public whose rights are protected by the provisions of Cal.

25   Civil Code §§ 51, 52, 54, and 54.1.

26       10.  **STATUTORY PROVISIONS:** California Civil Code §54.1

27   states that individuals with disabilities are:

28   "entitled to full and equal access, as other members of the
general public, to accommodations, advantages,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages — 5 —

s:\jm\cases\v\valley radiology\pleading\vr.cmp.doc

1  facilities...places of public accommodations, amusement, or
2  resort, and other places to which the general public is
   invited, subject only to the conditions and limitations
3  established by law...and applicable alike to all persons."

4  Health & Safety Code §§ 19955 and 19955.5 were enacted "To

5  ensure that public accommodations or facilities constructed in

6  this state with private funds adhere to the provisions of

7  Chapter 7 (commencing with §4450) of Division 5 of Title 1 of

8  the Government Code."  Section 19955 also requires that "When

9  sanitary facilities are made available for the public, clients,

10 or employees... they shall be made available for persons with

11 disabilities."  California Code of Regulations, Title 24-2 was

12 in effect at the time of each alteration which occurred at such

13 public facility since July 1, 1982, additionally requiring

14 access complying with the specifications of Title 24-2 whenever

15 any construction, "alteration, structural repair or addition"

16 was performed.  Further, any construction, alterations,

17 structural repairs, or additions which occurred between July 1,

18 1970 and July 1, 1982, required compliance with disabled access

19 standards pursuant to American Standards Association

20 Specifications ("ANSI").  All such constructions and/or

21 alterations were carried out by the current defendant owners or

22 operators, or by their predecessors in interest, whose acts and

23 omissions are the continuing and current responsibility of all

24 current owners, operators, lessors and lessees.

26 **FACTUAL STATEMENT**

27      11.  In January of 2004, plaintiff BRIAN BOLITHO was

28 involved in an automobile accident, during which he suffered

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1    torn arm muscles and dislocation of his arm joints at the

2    elbows and shoulders.  After his treatment and release from the

3    emergency room, he made an appointment with his primary care

4    doctor, who ordered an MRI.  His primary care doctor's office

5    set up an appointment for plaintiff to have an MRI at Valley

6    Radiology in Mountain View, California.  In preparation for

7    this appointment, a staff member from Valley Radiology in

8    Mountain View called plaintiff to make a preliminary

9    appointment for him to get checked for metal in his body before

10   he could have the MRI, since metal in or on the body interferes

11   with the MRI procedure.  Plaintiff made arrangements to go to

12   Valley Radiology in Mountain View for such a checkup.

13        12.  On or about January 13, 2004, plaintiff was about to

14   go to his preliminary appointment at Valley Radiology in

15   Mountain View when a technician from that office telephoned

16   him.  She said that she had just realized from reviewing his

17   file that he was a wheelchair user.  She further told plaintiff

18   that because he was a wheelchair user, her office could not see

19   him, could not serve him, and he should not even go to the

20   office.  He therefore did not go to Valley Radiology in

21   Mountain View and was deterred from going to this location.

22        13.  A few days later, on or about January 22, 2004,

23   plaintiff learned that there was another Valley Radiology

24   location in Palo Alto, only a few blocks from his home.  He

25   decided to visit that facility to see if he would be able to

26   get his MRI there.  He went to the facility that same day,

27   entered, and asked if he would be able to make an appointment

28   to get an MRI, and explained that he had a doctor's referral to

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages        — 7 —
s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1  Valley Radiology for an MRI.  The employee at Valley Radiology

2  in Palo Alto told plaintiff that they could not serve plaintiff

3  because they could not transfer him from his wheelchair onto

4  the MRI table.  This employee told him that she could not help

5  him and he would have to go somewhere else for service.

6      14.  Because of Valley Radiology's refusal to serve

7  plaintiff, he has been unable to have an MRI, and therefore has

8  been unable to receive appropriate and needed treatment for his

9  injuries, which has caused bodily injuries, pain and suffering,

10  all to his damages.

11      15.  In addition to the discriminatory policy of refusing

12  to serve persons who use wheelchairs, these public facilities

13  are inaccessible to persons with disabilities in other aspects,

14  including lack of any accessible medical equipment;

15  inaccessible entry way and restrooms at the Mountain View

16  facility; and inaccessible exterior path of travel and entry

17  way at the Palo Alto facility, all rendering such facilities

18  inaccessible to and unusable by plaintiff and other mobility

19  disabled persons.  All public facilities at the subject

20  properties must be brought into compliance with all applicable

21  federal and state code requirements for disabled access.

22      16.  Further, each and every violation of the Americans

23  With Disabilities Act of 1990 (as pled in the Third Cause of

24  Action, the contents of which are repled and incorporated

25  herein, word for word, as if separately repled), also

26  constitutes a separate and distinct violation of §54(c)

27  California Civil Code, thus independently justifying an award

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 8 —
s:\jm\cases\vi\valley radiology\pleading\vr cmp.doc

1   of damages and injunctive relief pursuant to California law,

2   including but not limited to §§ 54.3 and 55 Civil Code.

3       17.   Further, each and every violation of the Americans

4   With Disabilities Act of 1990 (as pled in the Third Cause of

5   Action, the contents of which are repled and incorporated

6   herein, word for word, as if separately repled), also

7   constitutes a separate and distinct violation of §54.1(d)

8   California Civil Code, thus independently justifying an award

9   of damages and injunctive relief pursuant to California law,

10  including but not limited to §§ 54.3 and 55 Civil Code.

11      18.   **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief

12  to prohibit the acts and omissions of defendants as complained

13  of herein which are continuing on a day-to-day basis and which

14  have the effect of wrongfully excluding plaintiff and other

15  members of the public who are physically disabled wheelchair

16  users from full and equal access to these public facilities.

17  Such acts and omissions are the cause of humiliation and mental

18  and emotional suffering of plaintiff BRIAN BOLITHO in that

19  these actions continue to treat him as an inferior and second

20  class citizen and serve to discriminate against him on the sole

21  basis that he is a person with disabilities who requires the

22  use of a wheelchair for movement in public places.  Plaintiff

23  is unable, so long as such acts and omissions of defendants

24  continue, to achieve equal access to and use of these public

25  facilities.  The acts of defendants have proximately caused and

26  will continue to cause irreparable injury to plaintiff if not

27  enjoined by this Court.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 9 —

s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

19.  Wherefore plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by defendants to grant full and equal access to plaintiff in the respects complained of and to require defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons, or, alternatively, to close their inaccessible facilities to the public and cease to operate inaccessible public accommodations.  Such injunctive relief is provided by California Health & Safety Code §19953 and California Civil Code §55, and other law.

20.  **DAMAGES:**  As a result of the denial of equal access to the facility and due to the acts and omissions of defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject public facilities, plaintiff suffered a violation of his Civil Rights including but not limited to rights under Civil Code §§ 54 and 54.1, and suffered physical personal injuries and bodily injuries, physical discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to his damages as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that he was and is physically disabled and unable, because of the architectural barriers and discriminatory policies created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  Plaintiff also seeks trebling of all actual damages, general and special, as provided by Civil Code §54.3.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages

— 10 —
s:\jm\cases\vivalley radiology\pleadings\vr.cmp.doc

1    21.  **TREBLE DAMAGES:** On information and belief, defendants
2  have been aware prior to plaintiff's described encounters that
3  their denial of access and their lack of accessible facilities
4  at the subject property was denying "full and equal access" to
5  disabled persons such as plaintiff and would continue to deny
6  such access on a daily basis until fully accessible facilities
7  were provided for disabled persons.  For example, defendants'
8  facilities have designated disabled accessible parking and
9  restrooms, and yet each office maintains a policy of refusing
10 to serve disabled wheelchair users.  This conduct evidences a
11 conscious disregard for the rights of plaintiff and other
12 disabled persons, and justifies treble damages pursuant to
13 Civil Code §54.3.

14    22.  **FEES AND COSTS:**  As a result of defendants' acts and
15 omissions, plaintiff has been required to incur attorney fees,
16 litigation expenses, and costs as provided by statute, in order
17 to enforce plaintiff's rights and to enforce provisions of the
18 law protecting access for disabled persons and prohibiting
19 discrimination against disabled persons.  Plaintiff therefore
20 seeks recovery of all reasonable attorney fees, litigation
21 expenses, and costs, pursuant to the provisions of Civil Code
22 §§ 54.3 and 55 and Health and Safety Code §19953.
23 Additionally, plaintiff's lawsuit is intended to force the
24 defendants to make their facilities accessible to all disabled
25 members of the public, justifying "public interest" attorney
26 fees, litigation expenses and costs pursuant to the provisions
27 of §1021.5 Code of Civil Procedure and other applicable law.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 11 —
s:\jm\cases\v\valley radiology\pleading\vr.cmp.doc

1     Wherefore plaintiff prays for relief as hereinafter

2  stated:

3                   **SECOND CAUSE OF ACTION:**
                **VIOLATION OF UNRUH CIVIL RIGHTS ACT**
4            **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
        **DENIAL OF FULL AND EQUAL ACCOMMODATION IN A BUSINESS**
5            **ESTABLISHMENT ON THE BASIS OF DISABILITY**

6     23.  Plaintiff repleads and incorporates by reference, as

7  if fully set forth again herein, the factual allegations

8  contained in Paragraphs 1 through 22, above, and incorporates

9  them herein by reference as if separately repled.

10    24.  At all times herein mentioned, the Unruh Civil Rights

11 Act, California Civil Code §51(b), provided that:

12       All persons within the jurisdiction of this state are free
         and equal, and no matter what their sex, race, color
13       religion, ancestry, national origin, disability or medical
         condition are entitled to the full and equal
14       accommodations, advantages, facilities, privileges, or
         services in all business establishments of every kind
15       whatsoever.

16 Pursuant to California Civil Code §51(f),

17       A violation of the right of any individual under the
         Americans with Disabilities Act of 1990 (Public Law 101-
18       336) shall also constitute a violation of this section.

19    25.  Defendants' medical imaging offices are each a

20 "business establishment" subject to Cal. Civil Code §51(b).

21 Plaintiff suffered damages as above described as a result of

22 defendants' violation of California Civil Code §§ 51(b) and

23 51(f) in multiple respects, including but not limited to

24 violations of the ADA, as described in the Third Cause of

25 Action, *infra*, the contents of which cause of action are

26 incorporated herein as if separately repled.  California Civil

27 Code §52(a) provides that each such violation entitles

28 plaintiff to "the actual damages, and any amount that may be

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                      — 12 —
                                                        s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1    determined by a jury, or a court sitting without a jury, up to

2    a maximum of three times the amount of actual damage but in no

3    case less than four thousand dollars ($4,000), and any

4    attorney's fees that may be determined by the court in addition

5    thereto..."

6         WHEREFORE, plaintiff prays for damages and injunctive

7    relief as hereinafter stated.

8

9                      **THIRD CAUSE OF ACTION:**

**VIOLATION OF TITLE III OF THE AMERICANS WITH**

10            **DISABILITIES ACT OF 1990 (42 USC §12101FF):**

**PROHIBITION AGAINST DISCRIMINATION IN A PLACE OF ACCOMMODATION**

11                **ON THE BASIS OF DISABILITY**

12        26.  Plaintiff repleads and incorporates by reference, as

13   if fully set forth again herein, the allegations contained in

14   Paragraphs 1 through 25 of this Complaint, and incorporates

15   them herein as if separately repled.

16        27.  Pursuant to law, in 1990 the United States Congress

17   made findings per 42 USC §12101 regarding physically disabled

18   persons, finding that laws were needed to more fully protect

19   "some 43 million Americans [with] one or more physical or

20   mental disabilities;" that "historically society has tended to

21   isolate and segregate individuals with disabilities;" that

22   "such forms of discrimination against individuals with

23   disabilities continue to be a serious and pervasive social

24   problem;" that "the Nation's proper goals regarding individuals

25   with disabilities are to assure equality of opportunity, full

26   participation, independent living and economic self sufficiency

27   for such individuals;" and that "the continuing existence of

28   unfair and unnecessary discrimination and prejudice denies

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**                    — 13 —

s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1  people with disabilities the opportunity to compete on an equal

2  basis and to pursue those opportunities for which our free

3  society is justifiably famous..."

4      28.  Congress stated as its purpose in passing the

5  Americans with Disabilities Act (42 USC §12101(b))

6      It is the purpose of this act

7      (1) to provide a clear and comprehensive national mandate
       for the elimination of discrimination against individuals
8      with disabilities;

9      (2) to provide clear, strong, consistent, <u>enforceable</u>
       <u>standards</u> addressing discrimination against individuals
10     with disabilities;

11     (3) to ensure that the Federal government plays a central
       role in enforcing the standards established in this act on
12     behalf of individuals with disabilities; and

13     (4) to invoke the sweep of Congressional authority,
       including the power to enforce the 14th Amendment and to
14     regulate commerce, in order to address the major areas of
       <u>discrimination faced day to day</u> by people with
15     disabilities. (Emphasis added)

16     29.  As part of the Americans with Disabilities Act,

17  Public Law 101-336, (hereinafter the "ADA"), Congress passed

18  "Title III - Public Accommodations and Services Operated by

19  Private Entities" (42 USC 12181ff).  The subject properties and

20  facilities are "private entities" which are considered "public

21  accommodations" for purposes of Title III (42 USC 12181(7)),

22  including but not limited to:

23     42 USC 12181(7)(F) "a...professional office of a
       health care provider, hospital, or other service
24     establishment."

25     30.  Pursuant to 42 USC §12182(a), "No individual shall be

26  discriminated against on the basis of disability in the full

27  and equal enjoyment of the goods, services, facilities,

28  privileges, advantages, or accommodations of any place of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 14 —
s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1    public accommodation by any person who owns, leases, or leases

2    to, or operates a place of public accommodation."

3         31.   Among the specific prohibitions against

4    discrimination were included:

5    42 USC (12182(b)(2)(A)(ii): "A failure to make reasonable
     modifications in policies, practices or procedures when such
6    modifications are necessary to afford such goods, services,
     facilities, privileges, advantages or accommodations to
7    individuals with disabilities...;"

8    42 USC (12182(b)(A)(iii):  "a failure to take such steps as may
     be necessary to ensure that no individual with a disability is
9    excluded, denied service, segregated, or otherwise treated
     differently than other individuals because of the absence of
10   auxiliary aids and services...;"

11   42 USC (12182(b)(2)(A)(iv): "A failure to remove architectural
     barriers, and communication barriers that are structural in
12   nature, in existing facilities... where such removal is readily
     achievable;"
13
     42 USC (12182(b)(2)(A)(v): "Where an entity can demonstrate
14   that the removal of a barrier under clause (iv) is not readily
     achievable, a failure to make such goods, services, facilities,
15   privileges, advantages, or accommodations available through
     alternative methods if such methods are readily achievable."
16   The acts and omissions of Defendants set forth herein were in
     violation of Plaintiff's rights under the ADA, and the
17   regulations promulgated thereunder, 28 CFR Part 36ff.

18        32.   The removal of each of the barriers complained of by

19   plaintiff as hereinabove alleged, was at all times herein

20   mentioned "readily achievable" under the standards established

21   by the Department of Justice, implementing Title III of the

22   Americans With Disabilities Act.  As noted hereinabove, removal

23   of each and every one of the architectural barriers complained

24   of herein was also required under California law due to

25   "alterations, structural repairs, or additions."  Further, on

26   information and belief, alterations to existing facilities

27   since January 26, 1993 have also independently triggered

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1   requirements for removal of barriers to access for disabled

2   persons pursuant to 42 USC §12183.

3        33.  On information and belief, as of the date of

4   plaintiff's encounter at the premises and the filing of this

5   Complaint, the premises have denied and continue to deny full

6   and equal access to plaintiff and to other disabled persons,

7   including wheelchair users, in other respects, which violated

8   plaintiff's rights to full and equal access and which

9   discriminated against plaintiff on the basis of his disability,

10  thus wrongfully denying to plaintiff the full and equal

11  enjoyment of the goods, services, facilities, privileges,

12  advantages and accommodations, in violation of §302 of the ADA,

13  42 USC §12182.

14       34.  Pursuant to section 308 of the ADA [42 USC 12188ff]

15  plaintiff is entitled to the remedies and procedures set forth

16  in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-

17  3(a), as plaintiff is being subjected to discrimination on the

18  basis of disability in violation of this title or has

19  reasonable grounds for believing that he is about to be

20  subjected to discrimination in violation of §302 and §303 of

21  the ADA.  On information and belief, defendants have continued

22  to violate the law and deny plaintiff and other disabled

23  persons by denying access to these public accommodations since

24  on or before plaintiff's encounters as previously discussed.

25  Pursuant to §308(a)(2), "In cases of violations of

26  §302(b)(2)(A)(iv) and (303(a)... injunctive relief shall

27  include an order to alter facilities to make such facilities

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 16 —
s:/jm/cases\v\valley radiology/pleadings\vr.cmp.doc

1   readily accessible to and usable by individuals with

2   disabilities to the extent required by this title."

3       35.   Plaintiff seeks relief pursuant to remedies set forth

4   in §204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-

5   3(a)), and pursuant to Federal Regulations adopted to implement

6   the Americans with Disabilities Act of 1990.  Plaintiff is a

7   person, for purposes of the ADA (42 USC §12188), who is being

8   subjected to discrimination on the basis of disability in

9   violation of Title III and who has reasonable grounds for

10  believing he will be subjected to such discrimination each time

11  that he may attempt to use the subject properties and premises.

12  Plaintiff remains deterred from returning to such facilities

13  each and every day until such facilities are made accessible to

14  disabled persons.

15      Wherefore plaintiff prays for relief as hereinafter

16  stated:

17                          **PRAYER**

18      Plaintiff BRIAN BOLITHO prays that this Court:

19      1.   Issue a preliminary and permanent injunction

20  directing defendants as current owners, operators, lessors,

21  and/or lessees of the subject premises to modify the above

22  described properties and premises and related facilities, and

23  modify their policies and procedures so that each provides full

24  and equal access to all citizens, including persons with

25  disabilities; or in the alternative, directing defendants to

26  close their facilities to the public and cease to operate as

27  public accommodations or business establishments until such

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages                    — 17 —
s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc

1  time as the facilities are made accessible to persons with

2  disabilities;

3      2.   Retain jurisdiction over defendants until such time

4  as the Court is satisfied that defendants' unlawful policies,

5  practices, acts and omissions, and maintenance of inaccessible

6  public facilities as complained of herein no longer occur, and

7  cannot recur;

8      3.   Award to plaintiff BRIAN BOLITHO all appropriate

9  damages, including but not limited to statutory damages,

10  general damages and treble damages, in an amount within the

11  jurisdiction of the Court, all according to proof;

12      4.   Award to plaintiff all reasonable attorney fees,

13  litigation expenses, and costs of this proceeding as provided

14  by law; and

15      5.   Grant such other and further relief as this Court may

16  deem just and proper.

17

18  Dated: November __, 2004      PAUL L. REIN
                                  PATRICIA BARBOSA
19                                JULIE MCLEAN
                                  LAW OFFICES OF PAUL L. REIN
20

21

22                                _____
                                  Attorneys for Plaintiff
23                                BRIAN BOLITHO

24

25

26

27  ///

28  ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Complaint for Injunctive Relief and Damages**

— 18 —
s:\jm\cases\vivalley radiology\pleadings\vr.cmp.doc

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a jury for all claims for

3   which a jury is permitted.

4

5   Dated: November __, 2004        PAUL L. REIN
                                    PATRICIA BARBOSA
6                                   JULIE MCLEAN
                                    LAW OFFICES OF PAUL L. REIN
7

8                                   _____

9                                   Attorneys for Plaintiff
                                    BRIAN BOLITHO
10

11

12          ## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

13          Pursuant to Civil L.R. 3-16, the undersigned

14  certifies that as of this date, other than the named parties,

15  there is no such interest to report.

16

17  Dated: November __, 2004        PAUL L. REIN
                                    PATRICIA BARBOSA
18                                  JULIE MCLEAN
                                    LAW OFFICES OF PAUL L. REIN
19

20                                  _____

21                                  Attorneys for Plaintiff
                                    BRIAN BOLITHO
22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Complaint for Injunctive Relief and Damages          — 19 —

s:\jm\cases\v\valley radiology\pleadings\vr.cmp.doc