PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorney for Plaintiff:
BRIAN BOLITHO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BRIAN BOLITHO,

    Plaintiff,

v.

VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.; SOUTH DRIVE MEDICAL ASSOCIATES, INC; PIO V. DEFEO; MARIA E. DEFEO; and DOES 1-25, Inclusive,

    Defendants.
_____/

CASE NO. C04-5093 MMC
Civil Rights

**CONSENT DECREE AND ORDER**

**CONSENT DECREE AND ORDER**

1.   Plaintiff BRIAN BOLITHO filed this action on December 1, 2004, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.; SOUTH DRIVE MEDICAL ASSOCIATES, INC; PIO V. DEFEO; MARIA E. DEFEO; and DOES 1 through 25, Inclusive. Plaintiff has alleged that Defendants VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.; SOUTH DRIVE MEDICAL ASSOCIATES, INC; PIO V. DEFEO; MARIA E. DEFEO violated Title

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5093 MMC      — 1 —



III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the medical clinics located at 285 South Drive, #5, Mountain View, California; and 451 Sherman Ave., #110, Palo Alto, California when plaintiff visited the subject facilities on January 13, 2004, and January 22, 2004.

2. Defendants VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.; SOUTH DRIVE MEDICAL ASSOCIATES, INC; PIO V. DEFEO; MARIA E. DEFEO ("Defendants") deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this consent decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to pendant jurisdiction for violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5093 MMC        — 2 —

1 | agree to entry of this Order to resolve all claims regarding
2 | injunctive relief raised in the Complaint filed with this Court
3 | on December 1, 2004. Accordingly, they agree to the entry of
4 | this Order without trial or further adjudication of any issues
5 | of fact or law concerning plaintiff's claims for injunctive
6 | relief.
7 |     WHEREFORE, the parties to this consent decree hereby
8 | agree and stipulate to the Court's entry of this Consent Decree
9 | and Order, which provides as follows:
10 |
11 | **SETTLEMENT OF INJUNCTIVE RELIEF**:
12 |     5.   This Order shall be a full, complete, and final
13 | disposition and settlement of Plaintiff's claims against
14 | Defendants for injunctive relief that have arisen out of the
15 | subject Complaint. The parties agree that there has been no
16 | admission or finding of liability or violation of the ADA
17 | and/or California civil rights laws, and this Consent Decree
18 | and Order should not be construed as such.
19 |     6.   The parties agree and stipulate that the corrective
20 | work will be performed in compliance with the standards and
21 | specifications for disabled access as set forth in the
22 | California Code of Regulations, Title 24-2 and Americans with
23 | Disabilities Act Accessibility Guidelines, unless other
24 | standards are specifically agreed to in this Consent and Order:
25 |     a)   Remedial Measures: The injunctive relief agreed upon
26 | by the Parties is attached as **Attachment A** to this Consent
27 | Decree, which is incorporated herein by reference as if fully
28 | set forth in this document. Defendants agree to undertake all

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5093 MMC                — 3 —

1  remedial work set forth in **Attachment A**. As to those items
2  with one or more indicated alternative solutions, defendants
3  may comply by carrying out the alternative of their choice.
4
5  **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**
6       7.   The parties have not reached an agreement
7  regarding plaintiff's claims for damages, attorney fees,
8  litigation expenses and costs. These issues shall be the
9  subject of further negotiation, litigation, or motions to the
10 Court.

*[handwritten margin note: subject now to attachment A re the landlord defendants. Damages/Fees determined there. DB TXR cmt]*

11
12 **ENTIRE CONSENT ORDER:**
13      8.   This Consent Order and Attachment A to this Consent
14 Decree, which is incorporated herein by reference as if fully
15 set forth in this document, constitutes the entire agreement
16 between the parties on the matters of injunctive relief, and no
17 other statement, promise, or agreement, either written or oral,
18 made by any of the parties or agents of any of the parties,
19 that is not contained in this written Consent Order, shall be
20 enforceable regarding the matters of injunctive relief
21 described herein. This consent decree applies to plaintiff's
22 claims for injunctive relief only and does not resolve
23 plaintiff's claims for monetary damages, attorney's fees,
24 litigation expenses and costs, which shall be the subject of
25 further negotiation and/or litigation.
26
27 **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**
28      9.   This Consent Order shall be binding on Plaintiff

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5093 MMC            — 4 —

BRIAN BOLITHO, Defendants, VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.; SOUTH DRIVE MEDICAL ASSOCIATES, INC; PIO V. DEFEO; MARIA E. DEFEO; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:** *and damages & attorneys fees as to defendants set␣␣␣ per Attachment A* [handwritten interlineation, initialed PSR, DB, CAK]

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5093 MMC          — 5 —

      CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT
THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
DEBTOR.

This waiver applies to the injunctive relief aspects of this action <u>only</u> and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

    11.  Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claim for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT ORDER**:

    12.  This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5093 MMC      — 6 —

shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13.  If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.  Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: October 12, 2005

                                   *BK BRIAN BOLITHO*
                                   Plaintiff BRIAN BOLITHO

Dated: October 12th, 2005

                                   *Michael L. Sithe*
                                   Defendant ~~VALLEY RADIOLOGY MEDICAL ASSOCIATES, INC.~~
                                   Valley Imaging Partners, Inc.

Dated: October 12, 2005

                                   *Karen Wapp*
                                   Defendant SOUTH DRIVE MEDICAL ASSOCIATES, INC.
                                   Karen Woolfe

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5093 MMC       — 7 —

1  Dated: October 12, 2005

_____
Defendant PIO V. DEFEO

5  Dated: October 12, 2005

_____
Defendant MARIA E. DEFEO

APPROVED AS TO FORM:

10 Dated: October 12, 2005       PAUL L. REIN
                                  PATRICIA BARBOSA
                                  JULIE MCLEAN
                                  LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
BRIAN BOLITHO

17 Dated: October 12, 2005       CURTIS R. HAGAN
                                  BORTON, PETRINI & CONRON LLP

_____
Attorneys for Defendants
SOUTH DRIVE MEDICAL ASSOCIATES,
INC.

23 Dated: October 12, 2005       ELIEEN R. RIDLEY
                                  KEVIN WOODALL
                                  FOLEY & LARDNER LLP

_____
Attorneys for Defendants
VALLEY IMAGING PARTNERS, INC.
(erroneously sued as VALLEY
RADIOLOGY MEDICAL ASSOCIATES,
INC.)

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:       - 8 -
Case No. C04-5093 MMC

1  Dated: October __, 2005          CHRIS BAKER
2                                   ANDREW CANNADY
                                    THELEN REID & PRIEST LLP
3
4                                   _____
                                    Attorneys for Defendants
5                                   PIO DE FEO and MARIA DE FEO
6
7
8                                   **ORDER**
9  Pursuant to stipulation, and for good cause shown, **IT IS SO**
10 **ORDERED**.
11
12 Dated:  October 18, 2005          _____
                                    Honorable Maxine M. Chesney
13                                  United States District Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:        - 9 -
Case No. C04-5093 MMC

**Attachment A to Consent Decree and Order**
**Brian Bolitho v. Valley Radiology Medical Associates, et al.**
**CASE NO. C04-5093 MMC**
Page 1 of 3

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the action filed by Brian Bolitho on December 1, 2004 in the United States District Court, Northern District of California, Case No. C04-5093 MMC.

The parties agree that the corrective work set forth in this Attachment A will be performed in compliance with the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order. For work requiring permits, defendants will complete work within 6 months of execution of this consent decree. For any work not requiring permits, work will be completed within 60 days of execution of the consent decree. Any policy modifications will be instituted within 30 days of execution of this consent decree.

## I. Injunctive Relief at Palo Alto Location:

1. **Exterior Paths of Travel:** De Feo Defendants will provide an accessible path of travel from the public sidewalk to the accessible front entrance of the clinic and provide signage indicating the location of the accessible path of travel.

2. **Building Entrance:** At the exterior front entry door into the building, De Feo defendants will ensure a level landing at least 60" deep on the exterior side of the door, or else provide an electrically powered door opener at the exterior front entry door that can be operated by a remote switch installed in an accessible location. If an electric door opener is installed, the door pressure will be adjusted to require no more than 15 pounds of pressure to open when the electricity is off.

3. **Reception Area:** Valley Defendants will adjust the push pressure of the door into the reception area to require no more than 5 pounds of pressure to open. Defendants will provide clipboards for use by all patients, including disabled patients. Defendants will institute and maintain a policy requiring their employees to come out from behind the counter to assist any disabled patients, and will train all employees in this policy.

4. **MRI Room:** With 24 hours of advance notice, Valley Defendants will provide disabled patients the option of receiving accommodation in the form of a gurney, wheelchair, or lift team, at the patient's option. Such gurney will lower to no more than 19" above the ground and will raise to the level of the MRI table. Patients will be given the option of transferring

**Attachment A to Consent Decree and Order**
**Brian Bolitho v. Valley Radiology Medical Associates, et al.**
**CASE NO. C04-5093 MMC**
Page 2 of 3

themselves from their wheelchairs onto the gurney, and from the gurney onto the MRI table. If patients are unable or unwilling to transfer themselves, defendants, with 24 hours' notice, will provide a competent, trained transfer team and necessary equipment, and will transfer the patient from the patient's wheelchair onto the aluminum wheelchair or gurney and from the aluminum wheelchair or gurney onto the MRI table.

II. <u>**Injunctive Relief at Mountain View Location**</u>:

1. **Parking and Exterior Paths of Travel:** South Drive Medical Associates will install compliant tow-away signage at each accessible parking space. South Drive Medical Associates will provide an accessible path of travel from each accessible parking space to the front entrance of the building which does not require disabled persons to travel behind any parked car other than their own. South Drive Medical Associates will provide an accessible path of travel from the public sidewalk to the accessible front entrance of the clinic which does not require traveling in any vehicular way. South Drive Medical Associates will install signage indicating the location of the accessible path of travel.

2. **Office Entrance:** At the front entry door, South Drive Medical Associates will ensure a level landing at least 48" deep on the exterior of the building, or else provide an electrically powered door opener on the exterior front entry door that can be operated by a remote switch installed in an accessible location. If the door landing is leveled, the push pressure of the door will be adjusted to require no more than 5 pounds of pressure to open. If an electric door opener is installed, the door pressure will be adjusted to require no more than 15 pounds of pressure to open when the electricity is off.

3. **Reception Area:** Valley Defendants will provide clipboards for use by all patients, including disabled patients. Defendants will institute and maintain a policy requiring their employees to come out from behind the counter to assist any disabled patients, and will train all employees in this policy.

4. **Route to MRI Room:** Valley Defendants will escort disabled patients to the MRI Room through an interior route that follows a level floor rather than sending them to the MRI building along the excessively steep exterior route.

5. **Changing Room:** Valley Defendants will provide an accessible changing room by removing the partition between the small changing areas to create one large accessible changing room at least 5' by 5', and will install a door or curtain at the outer doorway between the changing room and waiting room.

**Attachment A to Consent Decree and Order**
**Brian Bolitho v. Valley Radiology Medical Associates, et al.**
**CASE NO. C04-5093 MMC**
Page 3 of 3

6. **MRI Room:** With 24 hours of advance notice, Valley Defendants will provide disabled patients the option of receiving accommodation in the form of a gurney, wheelchair, or lift team, at the patient's option. Such gurney will lower to no more than 19" above the ground and will raise to the level of the MRI table. Patients will be given the option of transferring themselves from their wheelchairs onto the gurney, and from the gurney onto the MRI table. If patients are unable or unwilling to transfer themselves, defendants, with 24 hours' notice, will provide a competent, trained transfer team and necessary equipment, and will transfer the patient from the patient's wheelchair onto the aluminum wheelchair or gurney and from the aluminum wheelchair or gurney onto the MRI table.

*[Handwritten notations:]*

*Michael Sethe* — No claim of π damages or π atty fees provided.
Valley Imaging Partners, Inc.
Formal agreement to follow:
$12,000 payment (fees & damages) ($8,000 fees / $4,000 statutory damages)
Subject to a motion for good faith settlement
Full Release by Plaintiff, including 1542

_____ V. duFeo  Pro de Feo
_____ Maria de Feo  Maria de Feo

Formal agreement to follow:
$15,500 payment (fees and damages) ($11,500 fees / $4,000 statutory damages) subject to determination of good faith settlement.
Full release by Plaintiff including ccp 1542.
_____ Karen Wolfe  Karen Wolfe

_____ Curtis Hogan  Curtis Hogan
Approved as to form  10/12/05